In re BARRY et al.

(Supreme Court, Appellate Division, Second Department. November 2, 1899.)

ELECTION—VOTER—RESIDENCE—STUDENT.

Under Const. art. 2, § 3, which provides that no person can gain or lose his residence as a voter by his presence or absence as a student at a seminary, the evidence relied on by a student to show an intention to change his legal residence must be of acts independent of his status as a student.

Appeal from special term, Westchester county.

Application by Francis A. Barry and others to place their names on the register roll of electors. From an order denying the application, they appealed. Affirmed.

The following is the opinion at special term (BARNARD, J.):

The petitioners are pursuing a course of instruction in St. Joseph's Academy, Yonkers. They are each and all intending to become priests of the Roman Catholic Church, and each and every one of the petitioners testify that St. Joseph's Academy is their place of residence, and that they have left their several places of residence which they had before entering the seminary, and intended to reside in the seminary until they became priests, and were ordered elsewhere by those supreme in authority, who had the right to so order. The petitioners' case is supported by the affidavit of Prof. Wakeman, in which he states "that no person is allowed to enter or remain at said seminary unless he intends in good faith to become a Catholic priest, and renounces all other residences or homes save that of the seminary itself." I do not think this exceptional rule of the academy changes the legal right of the student as to the place where he should vote. I do not deem the rule one which was either intended to, or which does, change the residence of the student. It is an ecclesiastical rule; one of discipline, and not one of political power. The student surrenders himself to the church first to be educated, and then to go where he is sent either as a priest or teacher. The case cannot be distinguished from Silvey v. Lindsay, 107 N. Y. 55, 13 N. E. 444. In that case a soldier, who had been admitted to the Bath Soldiers' Home, testified that he resided in Bath for the reason that he had been admitted to the home as an inmate, and that he intended to reside there so long as he was permitted to remain an inmate. The court of appeals held that the soldier was not a voter in Bath. In Re Goodman the court of appeals held that a resident of New York City, whose home with his father had been demolished, and who had taken rooms at Columbia College, in another election district, and was employed for mission work, with no intention of changing his residence, was not properly registered in the election district in which Columbia College is situated. 146 N. Y. 284, 40 N. E. 769. To the same effect is the decision in Re Garvey, 147 N. Y. 117, 41 N. E. 439. The application to compel the inspectors to put the petitioners' names on the registry is denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John F. Brennan, for petitioners.
John H. Coyne, Atty. Gen., for inspectors.

PER CURIAM. We are of opinion that the result of the decision of the court of appeals in Re Garvey, 147 N. Y. 117, 41 N. E. 439, is that, to entitle a student at a seminary of learning to vote in the district in which the seminary is situated, "the intent to change the legal residence must be manifested by acts which are independent of the alleged voter's presence as a student in the new locality." We are clear that in the case before us the acts which are relied on to evidence such intent, so far from being independent of the appellants' status as students of the institution, are, on the contrary, mere incidents of that status, and insufficient to establish a change of residence. The case was properly disposed of by BARNARD, J., at special term, and in the opinion delivered by him we entirely concur.

Order affirmed, with $10 costs and disbursements.