In the Matter of the Application of FRANCIS A. BARRY et al., Appellants, to Compel the BOARD OF REGISTRY IN THE FIRST ELECTION DISTRICT OF THE SEVENTH WARD OF THE CITY OF YONKERS, Respondent, to Place their Names upon the Register of Electors in said District.

ELECTIONS — RESIDENCE OF VOTERS — SEMINARY STUDENTS. Under section 3 of article 2 of the Constitution of the state of New York, residence for the purpose of voting is neither gained nor lost by a sojourn in a seminary of learning, and the fact that a student enters a seminary to be educated for a certain calling, and to remain there after graduation until assigned to duty, instead of a fixed course of four years, as is usual in institutions of learning, does not entitle him to vote in the election district in which such seminary is situated.

(Submitted June 8, 1900; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 29, 1899, affirming an order of Special Term, denying the application of the petitioners to have their names added to the registry of electors in the first election district of the seventh ward of the city of Yonkers.

The facts, so far as material, are stated in the opinion.

*John F. Brennan* for appellants. The appellants are qualified electors of the first election district of the seventh ward of Yonkers, and as such entitled to registration. (Const. N. Y. art. 2, § 3; *Silvey* v. *Lindsay*, 107 N. Y. 61; *People* v. *Cady*, 143 N. Y. 106; *People ex rel.* v. *Holden*, 28 Cal. 124; *Diblin* v. *Anderson*, 38 Cal. 92; *Putnam* v. *Johns*, 10 Mass.

488.) The status of those preparing for the priesthood as well as of those already ordained, is to be distinguished from that of the student of a seminary of learning. (*Hegeman* v. *Fox*, 31 Barb. 478; *Sanders* v. *Gatchell*, 76 Me. 165; *Dupuy* v. *Wurtz*, 53 N. Y. 568; *Ennis* v. *Smith*, 14 How. [U. S.] 423.)

*John C. Davies, Attorney-General,* for respondent. The appellants were clearly within the inhibition of article 2, section 3, of the Constitution. (*Matter of Goodman*, 146 N. Y. 284; *Matter of Garvey*, 147 N. Y. 117.) The question of acquiring a domicile is one largely of intent, and that these appellants never intended to acquire in the city of Yonkers a residence or domicile such as the Constitution contemplates and requires is clearly manifest. (*People* v. *Cady*, 143 N. Y. 100; *People* v. *Platt*, 117 N. Y. 160; *Dupuy* v. *Wurtz*, 53 N. Y. 560.)

BARTLETT, J. The petition in this case is made by some fifty-nine ecclesiastical students at St. Joseph's Seminary, an institution established and maintained for the purpose of educating young men for the Roman Catholic priesthood, which is located in the seventh ward of the city of Yonkers.

In October, 1899, the petitioners sought to register themselves as legal voters in the seventh ward, but registration was denied by the board of inspectors.

The facts in this case are undisputed and as follows: —No person is allowed to enter or remain in this seminary as a student unless he intends in good faith to become a Roman Catholic priest, and renounces all other residences or homes save that of the seminary itself, and upon his admission to the priesthood he continues in the seminary until assigned elsewhere by his ecclesiastical superiors.

It is insisted by the appellants that this case is differentiated from the cases heretofore decided by this court in regard to students temporarily residing in colleges and seminaries of learning for a definite period of time pursuing a certain course of study.

We agree with the conclusion reached by the courts below that there is nothing in this case that takes it out of the general rule laid down by this court in a number of decisions. It does not change the situation that a student enters a seminary, to be educated for a certain calling, and to remain there after graduation until assigned to duty, instead of a fixed course of four years, as is usual in institutions of learning.

The Constitution of this state provides in part (Article 2, § 3) as follows : " For the purpose of voting, no person shall be deemed to have gained or lost a residence  *  *  *  while a student of any seminary of learning.  *  *  * "

The plain reading of the Constitution is that a sojourn in a seminary of learning has no effect whatever, one way or the other, on the question of legal residence for the purpose of voting.

In *Matter of Goodman* (146 N. Y. 284) it was held that where a person residing in one election district of a city removes to, takes and occupies a room in a seminary of learning in another district as a student, and not permanently as a residence, he neither loses his former residence, nor gains a new residence in the seminary district by the removal, and is entitled to vote in the former district, not the latter.

Judge FINCH, in writing the opinion of the court, among other things, said : " This construction obeys literally the constitutional mandate, and does not necessarily disfranchise a single citizen.  It merely recognizes and applies the admitted truth, acted upon at every election, that the voting residence may be in one place and the actual abode in another.  Usually, perhaps always, the voting residence remains unchanged until a new residence is actually acquired, but there can be no such acquisition merely by an abode as a student in an institution of learning.  Something else, beyond that fact and wholly independent of it, must occur to effect the change.  The intention to change is not alone sufficient.  It must exist, but must concur with and be manifested by resultant acts which are independent of the presence as a student in the new locality."

This case was followed in *Matter of Garvey* (147 N. Y. 117, 119).

The case of *Silvey* v. *Lindsay* (107 N. Y. 55), while dealing with the Soldiers' Home at Bath, in this state, was decided under the same section of the Constitution now considered, which deals not only with institutions of learning, but also almshouses or other asylums where persons are supported at public expense. The court said : "The plaintiff's vote was rejected upon the sole ground that he was not a resident of Bath. * * * His only intention in going to Bath was to be an inmate of the home, and it was only as such inmate that his residency was to be continued. He was not there as a citizen changing his residence, but as an object of well-bestowed and deserving charity. He continues there with the intention of making his residence in the institution, so long, he says, ' as I shall be permitted to remain an inmate.' "

This court held, notwithstanding the fact that his sojourn was indefinite, he could not acquire the right to vote by reason of his residence in the home.

A person who is a legally qualified voter may leave his home in any part of the state and enter an institution of learning as a student ; by this act he does not lose his residence for the purpose of voting at the place from whence he came. The fact that he is enrolled as a student in an institution of learning has no effect whatever upon his residence for the purpose of voting ; he could if he chose acquire a residence at the place where the seminary is located, but this would have to be established by acts entirely distinct from his residence therein. The mere intention to change his residence would not suffice.

In the case at bar no acts which are distinct and independent of the presence of the petitioners in St. Joseph's Seminary are disclosed.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and LANDON, JJ., concur ; CULLEN, J., not sitting.

Order affirmed.