(86 App. Div. 362.)

## In re McCORMACK.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ELECTIONS—VOTERS—REGISTRATION—STUDENTS.

> Under Const. art. 2, § 3, providing that, for the purpose of voting, no person shall be deemed to have gained or lost a residence while a student of any seminary of learning, etc., an application by a student of a seminary to compel his registration as a voter in the election district where the seminary was located, in which he alleged that he was a citizen of the United States, over 21 years of age, and had resided in the state of New York for more than a year last past, etc.; that he intended to make the seminary his residence for all purposes, and had no other residence, legal or otherwise; but which failed to show his former residence, or facts from which it could be determined that such former residence had been lost, and a new one gained—was insufficient to entitle him to registration.

Appeal from Special Term, Westchester County.

Application by Patrick J. McCormack to compel Nathaniel Valentine and others to convene as a board of registration of the First Election District of the Seventh Ward of the city of Yonkers, and enter his name on the register as an elector of such district. From an order denying the application, petitioner appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

W. Harry Sefton, for appellant.
I. J. Beaudrias, for respondents.

WOODWARD, J. This is a proceeding under the provisions of section 31, c. 909, p. 909, of the Laws of 1896, by Patrick J. McCormack, a student of St. Joseph's Seminary, at Dunwoodie, N. Y., to compel the board of registry of the First Election District of the Seventh Ward of the city of Yonkers to enter his name as an elector. The moving papers do not disclose the original residence of the petitioner. They recite that he was born on the 10th day of December, 1880; "that since on or about the 1st day of September, 1899, your petitioner has resided at St. Joseph's Seminary, which is in the First Election District of the Seventh Ward of the city of Yonkers; that on or about the 24th day of June, 1901, while a resident of said seminary, petitioner addressed a letter to the mayor of the city of Yonkers," etc.; and that "when your petitioner came to St. Joseph's Seminary he intended to make said seminary his residence for all purposes, and since that time he has had no other residence, legal or otherwise; that petitioner is a citizen of the United States over twenty-one years of age, and has resided in the state of New York for more than one year last past, and in the county of Westchester for more than four months last past, and in the First Election District of the Seventh Ward of the city of Yonkers for more than thirty days last past," etc. Upon this state of facts, aside from the formal averments of having appeared and demanded registration, which was refused, the petitioner asks for an order directing the board of registration to enter his name upon the roll, and the question presented is whether the petitioner has established facts which entitled him to the order.

The learned justice of this court before whom the motion was made denied the same, and from the order entered the petitioner appeals to this court.

Section 3, art. 2, of the state Constitution, provides: "For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States; * * * nor while a student of any seminary of learning," etc. It is important, in considering the rights of the petitioner, that it should be known where his previous residence had been, and what steps he had taken looking to an abandonment of such residence; for the law is well settled that the previous residence remains, for the purposes of voting, until a new one has been acquired, and there can be no such acquisition merely by an abode as a student in an institution of learning. Matter of Goodman, 146 N. Y. 284, 288, 40 N. E. 769. If the petitioner was a resident of the state of Rhode Island, and came into the state of New York for the purpose of entering St. Joseph's Seminary as a student, this action on his part, or any declaration of intention, not made with reference to matters entirely independent of the seminary, would have no bearing upon the question. He is not deemed to "have gained or lost a residence" by reason of his abode at the seminary as a student, and, unless he has abandoned his residence in Rhode Island by some unequivocal act, as in the case of Barry (Matter of Garvey, 147 N. Y. 117, 120, 121, 41 N. E. 439), he could not have gained a residence for the purpose of voting in the state of New York. See the Case of Yardley (Matter of Garvey) supra, p. 123. As was said by Finch, J., in Matter of Goodman, 146 N. Y. 288, 40 N. E. 770:

"I am unable to say that, where the new abode is occasioned and explainable by and referable to the presence as a student, without any independent facts showing a change of residence, not only intended but accomplished wholly outside of the student character, the new residence in the new district is acquired because it is a change of residence merely from one district to another. In such a case I think the old residence remains, and is not lost until after the temporary sojourn as a student, a new residence is acquired."

The petitioner does not suggest a single fact to show a change of residence outside of his abode at the seminary, either in his letter to the mayor or in his petition. He alleges that he is a citizen of the United States, and must, therefore, have had a legal residence somewhere within the United States before entering the seminary; and, as there is no evidence of any action tending to show that he had abandoned such residence, or that he had ever done anything, outside of taking up his abode at the seminary for the purpose of becoming a student, there is a complete lack of evidence of a change of residence, and the petitioner, under the authorities, is not entitled to the order which he asks in this proceeding. In Matter of Barry, 164 N. Y. 18, 21, 58 N. E. 12, 13, the court close the discussion of a similar case with the following:

"A person who is a legally qualified voter may leave his home in any part of the state and enter an institution of learning as a student. By this act he does not lose his residence for the purpose of voting at the place from whence he came. The fact that he is enrolled as a student in an institution of learning has no effect whatever upon his residence for the purpose of

voting. He ·could, if he chose, acquire a residence at the place where the seminary is located, but this would have to be established by acts entirely distinct from his residence therein. The mere intention to change his residence would not suffice."

The declarations of the petitioner made in a letter to the mayor of Yonkers is of no more consequence than his verbal declarations to the board of registry, and, as no facts bearing upon the change of residence were placed before the court, which were independent of the temporary residence of the petitioner as a pupil in the seminary, we are clearly of opinion that the order denying the motion was proper.

The order appealed from to be affirmed, with $10 costs and disbursements. All concur