In re LEWIS et al.

(Supreme Court, Appellate Division, Third Department.    May 3, 1916.)

1. ELECTIONS ⊚⟝74—QUALIFICATIONS OF VOTERS—EMPLOYMENT IN FEDERAL
    SERVICE—CONSTITUTIONAL PROVISIONS.
        Under Const. art. 2, § 3, providing that for the purpose of voting no
    person shall be deemed to have gained or lost a residence by reason of
    his absence while employed in the service of the United States, one who
    actually left a city residence to accept service in and actual residence in
    a United States government arsenal did not thereby lose such residence,
    and might continue to vote from his original residence, though that was
    then a vacant house.
        [Ed. Note.—For other cases, see Elections, Cent. Dig. § 71; Dec. Dig.
    ⊚⟝74.]

2. ELECTIONS ⊚⟝106—REGISTRATION—STATEMENT—STATUTE.
        An employé in a United States arsenal, actually residing within its
    limits and not thereby losing his right to register and vote from his for-
    mer residence in the city, though at the time of his registration he did
    not file with the registration officers, a statement showing where he was
    actually domiciled, as required by Election Law (Consol. Laws, c. 17) §
    163, will not have his name removed from the registration list because
    of his failure, in good faith, to perform a condition not commonly known,
    and not called to his attention by the officers whose duty it was to see
    that the requirements of the Election Law were fulfilled.
        [Ed. Note.—For other cases, see Elections, Cent. Dig. § 103; Dec. Dig.
    ⊚⟝106.]

Appeal from Albany County Court.

In the matter of the application of Andrew Armstrong for the re-
moval from the registry list of the First election district of the Fifth
ward of the city of Watervliet of the names of Earl Lewis and Joseph
Poland. From an order dismissing the application, the petitioner ap-
peals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Egburt E. Woodbury, Atty. Gen. (James S. Y. Ivins, Deputy Atty.
Gen., of counsel), for appellant Armstrong and for State Superintend-
ent of Elections.

WOODWARD, J.    The petitioner in this proceeding, after making
the necessary formal averments, alleges:

That "said inspectors have placed on the registry list of said election dis-
trict, as persons qualified to vote at said general election to be held on the
2d day of November, 1915, the names and addresses of persons as follows:
Earl Lewis, 1601 Broadway; Joseph Poland, 25 Fifteenth street." That such
names now appear upon the registry list, and that the petitioner is informed
and believes that such names are illegally upon such list, that the persons so
named do not reside at the places named, and asks to have the names re-
moved from the registry list.

[1] The discussion of the question of residence in Matter of Rooney
and Others, 159 N. Y. Supp. 132, passed upon at this term of the
court, makes it unnecessary to consider the rights of parties to claim
a residence separate and apart from their actual abode, and the only

⊚⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question to be disposed of here is whether the respondent Joseph Poland, an employé of the United States government, domiciled within the boundaries of the United States arsenal at Watervliet, may legally register and vote from a vacant house at No. 25 Fifteenth street in the said city of Watervliet.

It appears from the moving papers that the said Joseph Poland had not heretofore registered or voted from said premises back as far as the year 1908, and the only thing to connect the respondent with the premises at 25 Fifteenth street is his testimony that he resided there in 1897 and voted from there; that he enlisted for the Spanish-American War, and left this residence in Watervliet in 1898; and that he had not voted or registered since 1905. There is no dispute that he actually resides within the arsenal, and is now employed by the United States government, and he appears to have been in this same employ from 1898.

If Joseph Poland actually had a residence at 25 Fifteenth street, and left that residence to accept service under the United States government, it is not to be doubted that he has not lost that residence by reason of such service (Const. N. Y. art. 2, § 3; Matter of McCormack, 86 App. Div. 362, 83 N. Y. Supp. 847; Matter of Barry, 164 N. Y. 18, 58 N. E. 12, 52 L. R. A. 831), though by some other act he may have changed such residence. See authorities cited. If he had merely left the residence at No. 25 Fifteenth street in 1898 and gone into the employ of the United States government, actually living within the arsenal grounds, it is not to be questioned that he could continue to vote from the original residence, unless he elected to abandon such residence; and this situation is not changed because the respondent has been in the service at other points. The language of the Constitution is that, "for the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States," and the result of this language must be simply to permit the person to retain the residence once gained, until by some act, entirely apart from his location in connection with his governmental employment, he chooses a new residence.

[2] But here it appears that the respondent did not, at the time of his registration, file with the registration officers the statement required by section 163 of the Election Law, "showing where he is actually domiciled, his business or occupation, his business address, and to which class he claims to belong," and it is urged by the appellant that this is a conclusive reason why his name should have been removed from the registration list. Here, as in Matter of Rooney, there is no question of the good faith of the respondent. No one appears to have called his attention to this requirement of the statute; he simply answered the questions ordinarily asked to make up the registration, and believing that he had not lost his former residence he made no declaration as to his actual domicile. The question is, as to the present situation, entirely academic, and while we have no doubt of the power of the Legislature to make this requirement, we see no reason why this man should be placed in the position of a wrongdoer at this time because of a failure to perform a condition not commonly known,

and which was not called to his attention, so far as appears, by the officers whose duty it is to see that the requirements of the election law are fulfilled. If the question had been raised seasonably there is no reason to suppose he would not have complied with the law substantially, and in the future we may assume citizens, coming within the exception to the general rule, will perform the duty prescribed by the statute.

The order should be affirmed. All concur.