In the Matter of the Application of EDWARD S. FOSTER, Petitioner, to Compel the BOARD OF INSPECTORS OF ELECTION FOR THE THIRD ELECTION DISTRICT OF THE TOWN OF HYDE PARK, Respondents, to Strike Certain Names from the Registry of Qualified Voters in Said Election District.

County Court, Dutchess County, October 25, 1924.

Elections — registration — application to strike from registry names of thirty-one novitiates studying at seminary — each student on October 15, 1924, wrote letter to commissioner of elections at former residence, reciting intention to remain at seminary indefinitely, with view to setting up actual residence in election district in which seminary is located — each student on October 18, 1924, made affidavit that he regarded seminary as his actual domicile — dates of letters, and affidavits made pursuant to Election Law, § 151, not retroactive — declarations insufficient to establish change of residence entitling students to vote at general election — application granted.

Petitioner's application to strike from the registry in the third election district of the town of Hyde Park, Dutchess county, the names of thirty-one novitiates

studying at a seminary within the district, should be granted, although each student, on October 15, 1924, wrote a letter to the commissioner of elections at his former residence reciting, with a view to establishing an actual residence in the election district, that he intended to remain indefinitely at the seminary, and on October 18, 1924, prepared an affidavit in conformity with section 151 of the Election Law, reciting that he was a student at the seminary and regarded the seminary as his actual domicile, since, even if such letters and affidavits are sufficient to establish a change of residence, they cannot be made retroactive and only can be effective as of the date they were sworn to, which is insufficient time to entitle the students to vote in the election district at the 1924 general election.

APPLICATION to strike from the registry in the third election district of the town of Hyde Park, Dutchess county, the names of thirty-one students, now at the novitiate of St. Andrews-on-the-Hudson.

*W. E. Hoysradt,* for the petitioner.

*Joseph F. McCabe,* for the respondents.

ARNOLD, J.   On the arguments before me, counsel for the respondents admitted upon the record that St. Andrews was within the constitutional definition of a seminary of learning and also under the State Election Law.

The State Constitution, article II, section 3, reads:

" For the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence   *   *   *   while a student of any seminary of learning.   *   *   *." This section is also enacted in the Election Law, section 151 (Laws of 1922, chap. 588): " This provision (art. 2, § 3) disqualifies no one; confers no right upon any one.   It simply eliminates from those circumstances the fact of presence in the institution named or included within its terms.   It settles the law as to the effect of such presence, and as to which there had been before a difference of opinion, and declares that it does not constitute a test of a right to vote, and is not to be so regarded." *Silvey* v. *Lindsay,* 107 N. Y. 55.

In *Matter of Barry,* 164 N. Y. 18, Judge Bartlett, in writing for the court, says (p. 21): " The fact that he is enrolled as a student in an institution of learning has no effect whatever upon his residence for the purpose of voting; he could if he chose acquire a residence at the place where the seminary is located, but this would have to be established by acts entirely distinct from his residence therein. The mere intention to change his residence would not suffice."

In *Matter of Goodman,* 146 N. Y. 284, Judge Finch, writing for the court, says (p. 288): " Usually, perhaps always, the voting residence remains unchanged until a new residence is actually acquired, but there can be no such acquisition merely by an abode as a student in an institution of learning. Something else, beyond that fact

and wholly independent of it, must occur to effect the change. The intention to change is not alone sufficient. It must exist, but must concur with and be manifested by resultant acts which are independent of the presence as a student in the new locality."

It, therefore, becomes important to consider the evidence in this case to see whether it can be brought within the scope of the decisions just cited.

On entering St. Andrews, the following declaration is signed by each student: " Have you determined firmly to leave the world and follow the counsels of Christ in the Society of Jesus, according to the direction and judgment of the Superiors? "

It was testified by Father Clark that at intervals of about six months each student at St. Andrews was required to sign a declaration or vow relating to the constitution of St. Andrews, and the following was read into the evidence as a correct summary of such constitution: " Let every one of these who enter this Society (meaning the Society of Jesus) following the counsels of Christ that he shall leave his father, etc., account that he is to leave father, mother, brothers and sisters and whatsoever he has in the world."

On the 15th day of October, 1924, each student embraced within this proceeding wrote a letter to the commissioner of elections at his former residence of which the following is a copy:

"*October 15th,* 1924.

" Commissioner of Elections,
            " Burlington, Vermont:

" Dear Sir.— For some time past I have resided at St. Andrews on the Hudson, Town of Hyde Park, N. Y. In view of the fact that I am making my home here and intend to remain here indefinitely, and in view of the further fact that I do not intend to again resume my residence at No. 94 Loomis Street, Burlington, Vermont, I would therefore kindly ask that you cause my name to be removed from any election registers or records in your district.

" Thanking you, I am

                    " Respectfully yours
                        " (signed)   Philip J. Branon."

At the time the students were registered in said election district they filed with the election board the following affidavit: .

"Affidavit under Section 151 of Election Law

" State of New York }
" County of Dutchess }   ss.:

" Philip J. Branon being duly sworn says:

" 1. I am 26 years of age and a student at St. Andrews on the Hudson conducted by the Society of Jesus.

" 2. I am a citizen of the United States and for upwards of one year have continuously resided at St. Andrews on the Hudson in the Town of Hyde Park, Dutchess County, N. Y., which is in the Third Election District of said town.

" 3. I intend to reside at St. Andrews on the Hudson in the said Town of Hyde Park and to make my domicile there indefinitely and I have no present intention of residing elsewhere.   My business or occupation is that of a student at the above mentioned institution.

" 4. Prior to taking up my residence at St. Andrews on the Hudson I resided at No. 94 Loomis Street, Burlington, Vermont but I have no present intention to reside there again, and have notified in writing the Commissioner of Elections in and for said City of Burlington, Vermont that I had changed my residence to the County of Dutchess and that my name should no longer remain on the election registers or records in said district.

                                        " PHILIP J. BRANON.
" Sworn to before me this
18th day of October, 1924.
            " JOSEPH F. McCABE,
                " *Notary Public, Dutchess County.*"

Each of the students testified before me and the following may be taken as representing correctly each student's testimony: " No. 4, GEORGE J. GOERING — Witness called and sworn, testified as follows: By Mr. Hoysradt: Q. How old are you?  A. 21.  Q. Where is your former home?  A. New York City.  Q. Were you born in the United States?  A. New York City.  Q. When did you come to St. Andrews?  A. July 30, 1922.  Q. You have never registered or voted anywhere?  A. No.  Q. Do you regard yourself as a student at St. Andrews?  A. I do.  Q. When the period of your study and work is ended here you expect to go where you are told to go, do you not?  A. I do.  Q. You have no control over that, have you?  A. No.  By Mr. McCabe: Q. Do you ever intend to return to your former home?  A. No sir.  Not to reside there. Q. Have you any present intention of leaving St. Andrews?  A. No. Q. You intend to remain here a definite or indefinite time?  A. Indefinite."

The above comprises all the evidence in the case and the attorney for the students insisted that each student has by proper declaration shown his intention to change his former residence to an actual residence in the said election district.  The case nearest in point is that of *Matter of Garvey,* 147 N. Y. 117, where a student entered the General Theological Seminary of the Episcopal Church in New York city and the Court of Appeals held he was entitled to register and to vote from the seminary for the reason that two years

before he came to New York city he addressed a letter to the registrar in Virginia for his home county that he had changed his residence to the city of New York and that his name should no longer remain on the list of listed voters and that it was not his intention to resume his legal residence at Warrenton or any other place in Virginia. "My legal residence is here, and I am actually living here without any present intention of assuming a residence legal, ecclesiastical, or actual, anywhere else. * * *"

In that case it was necessary for him to be a resident of the diocese before his admission. He had taken these preliminary steps to qualify himself to enter the seminary.

From the letter written by the students in this case and the subsequent affidavit it would appear that an effort was made to bring all the students in question within the *Garvey* case, just cited, but there is absolutely nothing of record in my opinion that shows an absolute intention of the students to change their places of residence until their formal declaration made on October fifteenth of this year and their affidavits verified the 18th day of October, 1924. And assuming that the letter and affidavit are sufficient to show an intention to assume a new residence, it is in no way retroactive and can only be effective as of the date of such letter and affidavit; such declaration, if sufficient to establish a residence, is too late to entitle the students to vote in the said election district at this election.

There are many circumstances under which a voter may lose his right to vote — by change of residence just prior to election; by failure to register, etc.— and so the real determining fact is for the voter himself to see that he brings himself within all legal requirements by appropriate and legal action, and in this case the students have failed so to do.

An order should be entered to strike the names of all of the thirty-one students from the registry in the third election district in the town of Hyde Park.