In the Matter of the Application of ROGER J. BLANKFORD and Others, Petitioners, for an Order Requiring JAMES FINCH and Others, Constituting the Board of Inspectors of Election for the Third Election District of the Town of Hyde Park, Respondents, to Register and Enroll Their Names upon the Register of Voters of Said Election District.*

Supreme Court, Dutchess County, October 23, 1925.

**Elections — residence of voters — students at Roman Catholic seminary — fact that ecclesiastical rule requires students to renounce former residence does not establish residence at seminary — act of students in registering, though registration declared invalid, and act of notifying commissioner of elections of prior residence of change of residence are conclusive.**

For the purpose of determining the residence for voting purposes of students in a Roman Catholic seminary, the fact that an ecclesiastical rule requires all students to renounce their former residence and all former connections, does

---

* Affd., on opinion below, 215 App. Div. 681; revd., —— N. Y. ——.

not prove that the students are residents of the district in which the seminary is located.

However, the acts of the students in registering for voting purposes, although the registration was subsequently annulled on the ground that their intention to change their residence to the district of the seminary was not then complete, and their acts in notifying the commissioner of elections of their former places of residence of a change of residence to the district in which the seminary is located; conclusively determines that their legal residence is in the district in which the seminary is located.

APPLICATION to compel board of inspectors of election to register and enroll names of petitioners.

*Joseph A. McCabe,* for the petitioners.

*Willet E. Hoysradt,* for the respondents.

GEORGE H. TAYLOR, JR., J.   The time at my disposal makes it impossible for me to extend my views upon the application of the petitioners to compel the enrollment of their names as those of qualified voters of the town of Hyde Park.   Concededly each of the petitioners is a student at St. Andrews-on-the-Hudson, a seminary conducted under Roman Catholic auspices.   For the purpose of voting he is not to be deemed to have gained or lost a residence by reason of his presence or absence while a student in the seminary. (State Const. art. 2, § 3; Election Law, § 151.)   There is nothing in the fundamental law which prohibits such a student from obtaining a voting residence in the district in which the institution is located, for the constitutional provision " disqualifies no one; confers no rights upon any one." (*Silvey* v. *Lindsay,* 107 N. Y. 55, 61, a case similar in principle.   And see, also, *Matter of Barry,* 164 N. Y. 18, 20; *Matter of Goodman,* 146 id. 284; *Matter of Gardiner,* 101 Misc. 414, 423.)   The question is one of domicile to be decided upon all the circumstances of the case.   (*Silvey* v. *Lindsay, supra.*)   The right of the student to acquire a legal residence at the place where the seminary is located   has been plainly intimated (*Matter of Barry, supra,* 18, 21), " but this would have to be established by acts entirely distinct from his residence therein." (*Matter of Barry, supra.*)

In the instant case, as required by the rule of the society conducting the seminary, each petitioner has renounced his former residence and all his family connections — a circumstance which in itself does not entitle the student to vote in the election district in which the seminary is located (*Matter of Barry, supra,* 18; same case in App. Div., 61 N. Y. Supp. 124; *Matter of Gardiner, supra*), because the rule is ecclesiastical but not one of political power.   (*Matter of Barry,* 61 N. Y. Supp. 124.)   The intent to change the legal residence must be manifested by acts which are independent of the

alleged voter's presence as a student in the new locality. (*Matter of Barry, supra; Matter of Goodman, supra; Matter of Garvey,* 147 N. Y. 117.) Acts of each petitioner, independent of his residence at the seminary, bearing upon the question of his intention to change his legal residence to Hyde Park are shown as follows: (a) He registered in 1924 in the third election district in Hyde Park. This registration was indeed annulled by the court because of a holding that evidence of his said intention was not then complete so as to entitle him to registration. (*Matter of Foster,* 123 Misc. 852.) (b) He notified in writing on October 15, 1924, the commissioner of elections in and for his former place of residence of his change of residence to Hyde Park. This notice was similar to that held, in effect, to be conclusive as to his intention to change his legal residence in *Matter of Garvey* (*supra,* 120). I determine that the intention of each petitioner to change his legal residence to the town of Hyde Park is established by undisputed acts on his part, which acts are independent of the fact of his presence in the seminary; that, therefore, each petitioner is entitled to have his name enrolled upon the registration book. This determination, in my opinion, does not conflict with the former determination of the learned county judge (*Matter of Foster, supra*), which determination, however, I do not regard as *res adjudicata.*

Application granted, and the inspectors of election are directed to enroll the name of each petitioner upon the register of voters for the third election district of the town of Hyde Park. No costs. Order signed.