In the Matter of the Application of Roger J. Blankford et al., Respondents.

James Finch et al., Constituting the Board of Inspectors of Election for the Third Election District of the Town of Hyde Park, Appellants.

Constitutional law — elections — domicile — residence in seminary does not effect change of domicile for purpose of voting — notification to commissioners of election of former domicile of abandonment insufficient to effect change — affidavits that inmate intends to reside indefinitely at seminary insufficient — evidence must be presented that place has been adopted as home irrespective of residence in seminary.

1. Students at a seminary of learning who on entrance, in accordance with its rules, renounced their family connections and former homes, but who, at the close of their course of study, are to be sent elsewhere, are not thereby qualified as voters in the election district wherein the seminary is located. Mere residence in a seminary during the continuance of a course of study does not effect a change of domicile for the purpose of voting. (Const. art. 2, § 3.)

2. The fact that such residents notified the commissioners of election in their domicile of origin that such domicile had been abandoned and a new one established in the location of the seminary, without more, does not work such a change. Renunciation of one home is not sufficient without the acquisition of another.

3. Nor is the filing of affidavits with the inspectors of election of the district wherein the seminary is located, to the effect that such residents intend to reside indefinitely at the seminary sufficient. Presence in the seminary without more does not work a change of domicile. An intention to continue such presence to the end of the prescribed course is equally ineffective. There must be evidence that irrespective of residence, present or expected, in a seminary of learning, the place in which the seminary is located has been adopted as a home.

*Matter of Blankford,* 215 App. Div. 681, reversed.

(Argued October 29, 1925; decided October 30, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 28, 1925, which affirmed an order of Special Term granting a motion for an order to compel the inspectors of the third election district in the town of Hyde Park to enroll the names of petitioners upon the register of voters.

*W. E. Hoysradt* for appellants. The petitioners were not entitled to register and vote in the third election district of the town of Hyde Park. (*Silvey* v. *Lindsay,* 107 N. Y. 55; *Matter of Barry,* 164 N. Y. 18; *Matter of Goodman,* 146 N. Y. 284; *Matter of Gardiner,* 101 Misc. Rep. 414; 183 App. Div. 491; *Matter of McCormack,* 86 App. Div. 362.)

*Joseph A. McCabe* for respondents. Section 3 of article 2 of the State Constitution does not act as a bar to the acquisition by a student of a domicile at the place where his seminary of learning is located. (*Matter of Ward,* 20 N. Y. Supp. 610; *Silvey* v. *Lindsay,* 107 N. Y. 61; *Matter of Barry,* 164 N. Y. 20; *Matter of Goodman,* 146 N. Y. 287; *Matter of Gardiner,* 101 Misc. Rep. 423.) The

petitioners sufficiently evidenced by their acts their intention to change their residence to the third election district of the town of Hyde Park. (*Matter of Garvey*, 147 N. Y. 120; *Matter of Foster*, 123 Misc. Rep. 852.)

CARDOZO, J. The petitioners, seventeen in number, are students at a seminary of learning. The seminary, conducted by the Society of Jesus, is known as St. Andrews on the Hudson, and is situated in the town of Hyde Park, Dutchess county, New York. The petitioners have obtained an order directing the inspectors of the third election district of that town to register them as voters. The question is whether they have acquired the requisite domicile.

Constitution (art. II, sec. 3) provides: " For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States; nor while engaged in the navigation of the waters of this state, or of the United States, or of the high seas; nor while a student of any seminary of learning; nor while kept at any almshouse, or other asylum or institution, wholly or partly supported at public expense or by charity; nor while confined in any public prison."

By the rules of this religious order, students entering the seminary renounce their family connections and former homes. The course of study varies from two to six years depending upon individual capacity. At its close, the students are sent to other institutions at other places for a higher order of work. As many as fifteen years may elapse before their admission into the priesthood. These petitioners took the vow prescribed by their religious order. Their case in that respect does not differ from *Matter of Barry* (164 N. Y. 18). There also the rules of the order prescribed a renunciation of former homes. We held, none the less, that residence in the seminary did not work a change of domicile.

Two circumstances are relied upon to distinguish that case from the one before us now.

(1) In October, 1924, the petitioners notified the commissioners of election in their domicile of origin that such domicile had been abandoned and a new one established at the location of the seminary. We cannot find in such a notice without more a basis of distinction. Renunciation of one home is not sufficient without the acquisition of another. The domicile of origin continues until displaced and superseded by a domicile of choice (Dicey on Conflict of Laws [3d ed.], pp. 121, 122).

(2) In October, 1924, and again in October of this year, the petitioners filed affidavits with the inspectors of elections at Hyde Park that they intended to reside indefinitely at St. Andrews on the Hudson, and they repeat that statement now. They do not say that they intend to reside indefinitely "at Hyde Park," or maintain it as their home irrespective of their presence as students in the seminary. They say that they intend to reside indefinitely " at St. Andrews," which is merely equivalent to a statement that they intend to remain at the seminary and complete their course of study. This is not enough. Presence in the seminary without more does not work a change of domicile. An intention to continue such presence to the end of the prescribed course is equally ineffective. There must be evidence that irrespective of residence, present or expected, in a seminary of learning, the place in which the seminary is located has been adopted as a home (*Matter of Garvey*, 147 N. Y. 117).

We do not need to determine whether aside from the provisions of the Constitution, a domicile in Hyde Park might be found at common law upon the facts established by petitioners (*Opinion of the Justices*, 5 Metc. 590; *Welsh* v. *Shumway*, 232 Ill. 54, 86, 87). The Constitution, superseding the rule at common law, whatever that may be, eliminates from our consideration the fact of presence in the seminary (*Silvey* v. *Lindsay*, 107 N. Y.

55, 61), and requires us to find elsewhere, if at all, the evidence of a change of domicile. " The intention to change is not alone sufficient. It must exist, but must concur with and be manifested by resultant acts which are independent of the presence as a student in the new locality." (*Matter of Goodman,* 146 N. Y. 284, 288).

We think that the petitioners have failed to establish their intention to maintain a residence in the town of Hyde Park, Dutchess county, except by presence in a seminary during the continuance of their course of study, and that under controlling adjudications, a residence so limited does not qualify them as voters (*Matter of Barry, supra; Matter of Garvey, supra; Matter of Goodman, supra; Silvey* v. *Lindsay, supra; Matter of McCormack,* 86 App. Div. 362; *Matter of Gardiner,* 183 App. Div. 491; cf. *People* v. *Osborn,* 170 Mich. 143).

The order of the Appellate Division and that of the Special Term should be reversed and the application denied without costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CRANE, J., concurs in result.

Orders reversed, etc.