In the Matter of ERWIN W. E. WATERMEYER, Appellant, against RUTH M. MITCHELL et al., Constituting the Board of Inspectors of Election and Registration of the Second Election District of the Thirteenth Assembly District in the County of New York, Respondents.

74

Argued April 27, 1937; decided July 13, 1937.

*Melvin L. Krulewitch* and *Manuel Weiss* for appellant. The mere fact that appellant takes a course at Columbia University does not deprive him of the right to vote. (*Matter of Ward*, 29 Abb. N. C. 187; *Matter of Goodman*, 146 N. Y. 284; *Matter of Garvey*, 147 N. Y. 117; *Matter of Barry*, 164 N. Y. 18; *Matter of Blankford*, 241 N. Y. 180; *Chomeau* v. *Roth*, 72 S. W. Rep. [2d] 997; *People* v. *Osborn*, 170 Mich. 143; *Sanders* v. *Getchell*, 76 Me. 158.) The mere fact that the appellant lives in a residence hall does not deprive him of his right to vote. (*Matter of Garvey*, 147 N. Y. 117; *Matter of Barry*, 164 N. Y. 18.)

*Paul Windels, Corporation Counsel* (*Seymour B. Quel* and *Russell Lord Tarbox* of counsel), for respondents.

The petitioner's residence in a dormitory was acquired because he is a student at Columbia University and does not entitle him to register under the provisions of section 3 of article 2 of the State Constitution and section 151 of the Election Law (Cons. Laws, ch. 17). (*Matter of Blankford*, 241 N. Y. 180; *Matter of Barry*, 164 N. Y. 18; *Matter of Garvey*, 147 N. Y. 117; *Matter of Goodman*, 146 N. Y. 284; *Matter of Trovinger*, 242 App. Div. 804; *Matter of Gardiner*, 183 App. Div. 491; *Matter of McCormack*, 86 App. Div. 362.)

LOUGHRAN, J. The question is whether in 1936 the petitioner had acquired the domicile requisite to his registration as a voter in the second election district of the thirteenth Assembly district of the county of New York.

His petition alleges: " I reside at 1116 Amsterdam Avenue, a residence hall, for the past two years. Previous to that I resided in other places within the Second Election District of the Thirteenth Assembly District. I was born in Hamburg, Germany, on July 3rd, 1907, and arrived in the United States on July 11th, 1925. I was naturalized as an American citizen on February 16th, 1933, in the United States District Court for the Southern District of New York — certificate No. 3,679,369. My residence at the time I became a citizen of the United States was 1124 Amsterdam Avenue, also a residence hall of Columbia University, and within the Second Election District of the Thirteenth Assembly District. I am a teacher at Brooklyn College, New York, being employed by the City of New York in that capacity, and give instructions both during the day and evening sessions. I have been teaching at Brooklyn College for about two and a half years. I received my Bachelor of Arts degree from Columbia University and likewise my Master of Arts degree, and I am taking a single course at Columbia University, incidental to my

work in Physics. My parents reside in Manizales, Republic of Colombia, South America, and have lived there since 1926. When I came from Germany in 1925 we lived together for a short while and then my parents migrated to their present South American residence and I took up my residence in 1926 in the Second Election District of the Thirteenth Assembly District, where I have continuously resided since then for the past ten years. * * * My intention is to remain indefinitely at my present address, 1116 Amsterdam Avenue, where I maintain my legal and permanent residence for all purposes, and have all my personal belongings with me. * * *." It is conceded that 1116 and 1124 Amsterdam avenue are the street numbers of dormitories at Columbia University and that the petitioner's occupancy of living quarters at either address has at all times been conditioned upon his taking at least one of the courses of study offered by that institution.

" For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States; nor while engaged in the navigation of the waters of this State, or of the United States, or of the high seas; nor while a student of any seminary of learning; nor while kept at any almshouse, or other asylum, or institution wholly or partly supported at public expense or by charity; nor while confined in any public prison." (State Const., art. II, § 3.) Thus petitioner's mere presence at Columbia University as a student thereof is irrelevant to the issue. He must show by other and independent facts that the election district in which the university is located has been adopted by him as a home. (*Matter of Blankford*, 241 N. Y. 180.) This, we think, he fails to do.

No reference is made to any act of the petitioner done within the election district that was unrelated to his presence there as a student of a seminary of learning.

(See *Matter of Barry*, 164 N. Y. 18, 21.) It does not appear nor is it claimed that he was ever in the district before that presence began. His assertion of intention to remain indefinitely at his present address is not the equivalent of a statement that he intends to reside indefinitely in the election district. It is no more than a declaration of his purpose to have no other habitation while his course of study continues. This, as we have often said, is not enough. If it be the fact that the petitioner has completely severed his family ties that circumstance does not alter the case. (*Matter of Blankford, supra.*)

" It may be urged that the enforcement of this rule will render it well nigh impossible for a student to establish a residence in a seminary of learning, but the very obvious answer is that the letter and spirit of the Constitution contemplate such a result." (*Matter of Garvey*, 147 N. Y. 117, 123.)

The order should be affirmed, without costs.

FINCH, J. (dissenting). The constitutional provision (N. Y. Const., art. II, § 3) and the corresponding statute (Election Law [Cons. Laws, ch. 17], § 151) was discussed as to its meaning and purpose in the Constitutional Convention of 1867. Prior to that time there had existed no such provision. Ex-Chief Judge ANDREWS said in the debate: " If a student had no other residence than where he is attending college, and if the intention was with him to remain in that place, although he might be a student there, he would have a right notwithstanding the insertion of this clause to vote there." Mr. Justice RUMSEY took a similar position. (Debates, Constitutional Convention, p. 569.) The Convention accepted the purpose and meaning of this provision as stated in these views and inserted that provision in the Constitution with the construction given by these eminent members. (*Matter of Ward*, 29 Abb. N. C. 187.)

The Constitution provides that "For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, * * * while a student of any seminary of learning * * *." The Election Law, in so far as pertinent, contains the same language. These provisions eliminate presence at an institution of learning as evidence of intention to change a voting domicile. We must find other acts which are independent of the student's presence at the seminary.

"The intention to change is not alone sufficient. It must exist, but must concur with and be manifested by resultant acts which are independent of the presence as a student in the new locality." (*Matter of Goodman,* 146 N. Y. 284, 288.)

The courts in this State have taken the unequivocal position that even a full time student may become entitled to vote where he has adopted the seminary of learning as his residence and has established his residence by acts or circumstances which are independent of his presence as a student in the locality. (*Matter of Garvey,* 147 N. Y. 117.) Judged by this test this petitioner clearly manifested his intention by acts which are independent of his presence as a student at the seminary.

This petitioner came to the United States with his parents in 1925. He was then eighteen years of age. A year later his parents migrated to South America, where they have since resided. In the year 1926, when his parents left, this petitioner took up his residence in the second election district of the thirteenth Assembly district in New York city where he has continually resided ever since. In 1933 he became naturalized as a citizen of the United States and at that time resided in a residence hall of Columbia University. In the case at bar the petitioner has taken up his residence to practice his profession of teaching and to earn his living as an employee of the city of New York. His work at Columbia University is limited to a single course in physics, which

is incidental to his work as a teacher in Brooklyn College. He makes oath that he has with him all his personal property, and that he intends to remain indefinitely at his present address, where he maintains his legal and permanent residence for all purposes.

The statement that the petitioner intends to remain indefinitely at his present address certainly amounts to a statement that he intends to reside indefinitely at that address in the election district. No question of transfer of residence from one election district to another arises in the case at bar. The petitioner has renounced his German citizenship, and unless we hold that he has acquired a domicile at his present address he will be without a residence for voting purposes. All his acts show an intention to acquire such a residence in the city of New York, in his present election district, and at his present address.

In this case we do not have before us, as in the *Blank-ford Case* (241 N. Y. 180), a student at a seminary of learning entering a religious order for a course of study from two to six years. The petitioner has done all that is in his power to do in order to establish a voting domicile in New York city. The only reason for denying him the right to vote is the fact that he studies a single course at Columbia University. To read the Constitution or the Election Law so as to deprive the scholar of the right to vote does not seem to me required either by the terms of the Constitution, or the applicable authorities.

It is true that in *Matter of Garvey* (147 N. Y. 117, 123) the court said: " It may be urged that the enforcement of this rule will render it well nigh impossible for a student to establish a residence in a seminary of learning, but the very obvious answer is that the letter and spirit of the Constitution contemplate such a result; " but in the same sentence it added " the sojourn of the student is assumed to be temporary, and the law preserves to him his former residence, notwithstanding his absence therefrom." In

the case at bar it can no longer be assumed that the sojourn is intended to be temporary. Nor can it be said that the petitioner has retained his former residence or domicile in Germany.

It follows that the order of the Appellate Division should be reversed and the order of Special Term reinstated.

CRANE, Ch. J. LEHMAN, O'BRIEN, HUBBS and RIPPEY, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion.

Order affirmed.