Matter of ALFRED CUNNINGHAM and Others for an Order Compelling the Board of Inspectors to Register Their Names as Voters in Ward 6 of the City of Plattsburgh.

(County Court, Clinton County, November, 1904.)

Residence for the purpose of voting — How affected by the constitutional provision as to soldiers in service.

> The question as to the place at which an elector is entitled to vote is still, notwithstanding the provision of the Constitution of the State of New York, " For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States," in each case, as it was before the adoption of this provision, one of domicile or residence to be decided upon all the circumstances of the case.

> A soldier may acquire a residence in the locality in which he is placed by reason of his employment in the service of the United States.

APPLICATION by petitioners for an order compelling the board of inspectors to register their names as voters in Ward 6 of the city of Plattsburgh, N. Y.

C. J. Vest and D. H. Agnew, for applicants.

P. J. & J. M. Tierney, for inspectors.

HEALEY, J.   This is an application for an order to compel the inspectors of election of Ward No. 6 in the city of Plattsburgh, N. Y., to convene on the second Saturday before election and place the names of Alfred Cunningham and others on the register of voters of that ward.   The applicants claim to have resided one year in the State, four months in the county and thirty days in Ward No. 6, and during this time were members of the Fifth United States Infantry located at Plattsburgh barracks, N. Y.   On the days provided by law for registration, the applicants appeared in person and asked that their names be placed on the register of voters.   The inspectors of election refused to place their names on the register on the ground that they were members of the Fifth United States Infantry and by reason of this fact, could not have acquired a voting residence in Ward

No. 6. This contention is based on the following provision of the Constitution: " For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States." State Const., art. II, § 3.

This provision of the Constitution is aimed at the participation of an unconcerned body of men in the control through the ballot-box of municipal affairs in whose further conduct they have no interest, and from the mismanagement of which by the officers their ballots might elect, they sustain no injury. Its effect is not to disqualify such persons from gaining or losing a residence, but renders the fact of sojourn or absence impotent as evidence either to create or destroy it; in other words, presence or absence has primarily no effect upon the political status of such person.

The question in each case is still as it was before the adoption of this provision of the Constitution, one of domicile or residence, to be decided upon all the circumstances of the case. Silvey v. Lindsay, 107 N. Y. 55.

. The soldier may acquire a residence in the new locality. His calling the place his home, or believing it to be his home, does not legally make it such. It is not his view of the fact that governs; the facts themselves govern the question. Mere intention is not alone sufficient. It must exist, but must concur with and be manifested by resultant acts which are independent of the presence of the soldier in the new locality.

It appears from the evidence produced on the part of the applicants that they have resided outside of the military reservation, within the State and Ward No. 6 of the city of Plattsburgh, during the year last past. This is in no way contradicted except by one (Tierney) who claims that the applicants admitted to him in a conversation that they had not resided outside of the military reservation for over a year. I think the proof sufficient to establish a residence in this ward for over a year last past, and, therefore, *order* that the board of inspectors convene and place the names of the applicants on the register list as provided by law, and that an order may be entered accordingly.

Ordered accordingly.