In the Matter of the Application for the Removal from the Registry List of the First Election District of the Fifth Ward of the City of Watervliet of the Names of EARL LEWIS and JOSEPH POLAND.

ANDREW ARMSTRONG, Petitioner, Appellant; JOSEPH POLAND, Respondent.

Third Department, May 3, 1916.

Election — registration — acceptance of employment under United States government — when employee retains former residence.

By virtue of the Constitution of this State, a person having an actual residence who leaves the same to accept service under the United States government, may retain his former residence for voting purposes, unless he elects to abandon it.

Thus, where a person having a certain residence, enlisted in the Spanish-American war, and subsequently accepted employment under the government and actually resides in a Federal arsenal, he may continue to

register for voting purposes from his former residence, where there is no question of his good faith.

Nor does he lose his right to vote because he did not file with the registration officers the statement showing his actual domicile, business or occupation, as required by section 163 of the Election Law, though, *it seems*, he should have complied with said section had it been called to his attention.

APPEAL by Andrew Armstrong, petitioner, from part of an order of the county judge of Albany county, entered in the office of the clerk of said county on the 4th day of November, 1915, dismissing an application to remove the name of the respondent and another from the registry list in a proceeding under section 153 of the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], as amd. by Laws of 1913, chap. 820).

*Egburt E. Woodbury, Attorney-General* [*James S. Y. Ivins, Deputy Attorney-General,* of counsel], for the appellant and for the State Superintendent of Elections.

No appearance for the respondent.

WOODWARD, J.:

The petitioner in this proceeding, after making the necessary formal averments, alleges that "said inspectors have placed on the registry list of said election district, as persons qualified to vote at said general election to be held on the 2d day of November, 1915, the names and addresses of persons as follows: Earl Lewis, 1601 Broadway; Joseph Poland, 25 Fifteenth street;" that such names now appear upon the registry list, and that the petitioner is informed and believes that such names are illegally upon such list; that the persons so named do not reside at the places named, and asks to have the names removed from the registry list. The discussion of the question of residence in *Matter of Rooney* (172 App. Div. 274), passed upon at this term of the court, makes it unnecessary to consider the rights of parties to claim a residence separate and apart from their actual abode, and the only question to be disposed of here is whether the respondent Joseph Poland, an employee of the United States government, domiciled within the boundaries of the United States arsenal at Watervliet, may legally register and vote from a vacant house at No. 25 Fifteenth street in the said city of Watervliet.

It appears from the moving papers that the said Joseph Poland had not heretofore registered or voted from · said premises back as far as the year 1908, and the only thing to connect the respondent with the premises at 25 Fifteenth street is his testimony that he resided there in 1897, and voted from there; that he enlisted for the Spanish-American war and left this residence in Watervliet in 1898, and that he had not voted or registered since 1905. There is no dispute that he actually resides within the arsenal, and is now employed by the United States government, and he appears to have been in this same employ from 1898.

If Joseph Poland actually had a residence at 25 Fifteenth street, and left that residence to accept service under the United States government, it is not to be doubted that he has not lost that residence by reason of such service (State Const. art. 2, § 3; *Matter of McCormack*, 86 App. Div. 362; *Matter of Barry*, 164 N. Y. 18), though by some other act he may have changed such residence. (See authorities cited.) If he had merely left the residence at No. 25 Fifteenth street in 1898 and gone into the employ of the United States government, actually living within the arsenal grounds, it is not to be questioned that he could continue to vote from the original residence, unless he elected to abandon such residence, and this situation is not changed because the respondent has been in the service at other points. The language of the Constitution is that " for the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States," and the result of this language must be simply to permit the person to retain the residence once gained, until by some act, entirely apart from his location in connection with his governmental employment, he chooses a new residence.

But here it appears that the respondent did not, at the time of his registration, file with the registration officers the statement required by section 163 of the Election Law (Consol. Laws, chap. 17; Laws of 1909, chap. 22), " showing where he is actually domiciled, his business or occupation, his business address, and to which class he claims to belong," and it is

urged by the appellant that this is a conclusive reason why his name should have been removed from the registration ist.    Here, as in *Matter of Rooney*, there is no question of the good faith of the respondent.    No one appears to have called his attention to this requirement of the statute; he simply answered the questions ordinarily asked to make up the registration, and believing that he had not lost his former residence he made no declaration as to his actual domicile.    The question is, as to the present situation, entirely academic, and while we have no doubt of the power of the Legislature to make this requirement, we see no reason why this man should be placed in the position of a wrongdoer at this time because of a failure to perform a condition not commonly known, and which was not called to his attention, so far as appears, by the officers whose duty it is to see that the requirements of the Election Law are fulfilled.    If the question had been raised seasonably there is no reason to suppose he would not have complied with the law substantially, and in the future we may assume citizens coming within the exception to the general rule will perform the duty prescribed by the statute.

The order should be affirmed.

Order unanimously affirmed, with costs.