In the Matter of ARTHUR SELD et al., Appellants. HERBERT SEIGFRED et al., as Inspectors of Election of the Second Election District of the Village of Seneca Falls, Respondents.

Fourth Department, November 2, 1944.

*Howard D. Seld* for petitioners-appellants.

*James M. Ryan* for respondents.

*Per Curiam.* It is conceded that the petitioners, provided they have a voting residence in the second election district of Seneca Falls, N. Y., were entitled, at the time they presented themselves for registration on October 20, 1944, to register as voters in the general election to be held November 7th of this year. It is contended, however, that by section 4 of article II of the New York State Constitution and section 151 of the Election Law, since the petitioners are married and the husband is an officer in the Naval Service of the United States stationed at Sampson, N. Y., and since the occasion of their coming to Seneca Falls was because of his Federal employment at the Sampson Naval Base, the petitioners cannot be deemed to have gained a residence in Seneca Falls. When these two provisions are read, it is apparent that they simply declare that for the purpose of registering or voting no person can gain a residence or lose his residence elsewhere simply by reason of his being in a given locality where he is employed by the United States. Despite these two provisions there is nothing to prevent one in the employ of the United States from gaining a voting residence in the place of his employment.

While it is true that a residence for voting purposes is not simply one's mental state and ordinarily cannot be established by mere proof of what he intends, still the intention of the party is always a material consideration in determining what is his actual place of residence. As used in the Election Law residence is synonymous with domicile. Used in that sense, residence means the voter's permanent home. Therefore, in deciding a controversy over a voter's residence, the crucial question is not the place where he intends to vote but where he intends to live as a permanent abode. In *People* v. *Cady* (143 N. Y. 100, 106) the rule is well stated: " The domicile or home requisite. as a qualification for voting purposes means a residence which the voter voluntarily chooses and has a right to take as such, and which he is at liberty to leave, as interest or caprice may dictate, but without any present intention to change it."

So in the instant case the sole question to be determined is the intention of the petitioners as to making Seneca Falls their permanent place of abode. Under oath they testified that when they took up their residence in Seneca Falls they did so with the intention of making it their permanent home and that such is their present intention. They have no other home. They are a young couple married in 1941. Both are graduates of the New York State Teachers College. They are school teachers by profession. Since 1942 the husband has been a petty officer in the United States Navy and since prior to September 15, 1943, has been stationed at the Naval Base at Sampson, N. Y., approximately twenty miles from Seneca Falls. However, since September 15, 1943, he has been permitted by his superiors to live elsewhere than at the Naval Base. On that day he and his wife, the latter having come to Seneca Falls about that time, rented an apartment at 5 Troy Street, in Seneca Falls. There they have continued to live ever since. They maintain their home there. Mrs. Seld teaches in the Seneca Falls High School and has a contract which will not expire until June, 1945. Her husband comes each evening from the Naval Base and returns each morning to it. This is their mail address. They maintain a bank account in Seneca Falls. They have registered their car giving their address as 5 Troy Street, Seneca Falls. They have that as their address in the purchase of war bonds. Although they could live at the Naval Base they have elected to live at 5 Troy Street. Taking into consideration the foregoing circumstances and such others as appear in the record in this case, it is quite evident that their

sworn declaration of their intention to make Seneca Falls their permanent home is borne out by all of the attendant circumstances.

The situation here disclosed differentiates from that found in *Matter of Barry* (164 N. Y. 18); *Matter of Blankford* (241 N. Y. 180) and *Matter of Watermeyer* v. *Mitchell* (275 N. Y. 73). The conclusion seems inescapable that these petitioners have clearly established that they are now and have been since September 15, 1943, permanent residents of Seneca Falls, N. Y., living and residing in the second election district thereof. They were therefore entitled to register when they presented themselves for that purpose to the inspectors of election on October 20, 1944. Since, on election day, November 7th, the election inspectors, as members of the election board, will be required by law to be present at the polling place in the election district during the voting hours on that day, it is unnecessary to cause the inspectors to convene specially for the purpose of registering these petitioners. Under the power given by section 331 of the Election Law, the inspectors of election may be directed on the day of election, November 7, 1944, when the petitioners shall present themselves to them at the polling place, forthwith to register them and having done so to permit them, if otherwise qualified, to vote at such election.

In view of the determination which we have reached, it is unnecessary to consider the status of Mrs. Seld separately insofar as section 61 of the Domestic Relations Law may be deemed to govern her right to vote.

The order should be reversed on the law and facts, without costs of this appeal to any party, and application granted. Findings of fact disapproved and reversed and new findings and conclusions made.

All concur. Present — CUNNINGHAM, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Order reversed on the law and facts without costs of this appeal to any party, and application granted. Findings of fact disapproved and reversed and new findings and conclusions made.