In the Matter of HAROLD DAVY, Petitioner. J. THOMAS DENTON et al., Respondents.

Third Department, December 30, 1952.

*Fred A. Rosenkrans* for petitioner.

*Lynn N. Peterson* for respondents.

Foster, P. J. This is the submission of a controversy upon an agreed statement of facts. The main issue is whether one Thomas Denton and his wife are entitled to be registered and to vote in the town of Coventry, Chenango County.

In 1943 the Dentons purchased real property located wholly within the town of Coventry, and resided there. From that year onward they voted in such township. In 1947 they sold the premises mentioned and purchased another property which is situated partly in the town of Coventry, Chenango County, and partly in the town of Colesville, Broome County. The house on this property now owned by them is in the town of Colesville, Broome County.

In 1951 the board of elections of the town of Coventry, Chenango County, removed their names from the nonpersonal registration list. Their names were replaced on the list by an order of the County Judge of Chenango County and they were permitted to vote at the general election held in November, 1951. In 1952, and on the first day for nonpersonal registration in the town of Coventry, a qualified elector of that township challenged the right of the board of inspectors to place the names of the Dentons on the register of voters for the year 1952. After the challenge was made they failed to execute challenge affidavits, and instead obtained an order from the County Judge of Chenango County to the effect that their names were properly on the registration list for the town of Coventry. Their names were also on the registration list for the town of Colesville in Broome County, but were stricken off by request.

The question we are requested to answer is: " Are J. Thomas Denton and May G. Denton properly listed on the Register of Voters of the First Election District of the Town of Coventry, Chenango County, New York? "

Section 150 of the Election Law provides that a qualified voter must be one who has been for the last four months preceding the election a resident of the county, and for the last thirty days a resident of the election district, in which she or he proposes to vote. A residence as contemplated by the statute is substantially equivalent to domicile (*People* v. *Platt,* 117 N. Y. 159; *Matter of Seld* [*Seigfred*], 268 App. Div. 235). The word " domicile " is derived from the Latin " domus " meaning a home or dwelling house. Ordinarily a person's domicile or home is the building in which he or she lives and carries on the main activities of a home such as eating, sleeping and receiving visitors. Mere land as such, and without a dwelling place thereon, would not be spoken of as a home in common speech.

The problem of determining a domicile where the boundary line between two localities passes through the dwelling house of an individual apparently has not been considered by the courts of this State. It has however received attention in the courts of some of our sister States, and in those cases it has been held that the domicile of an individual even in such an extreme situation rests in the locality where the main activities of a home are carried on (*Gray* v. *O'Banion*, 23 Cal. App. 468; *Abington* v. *North Bidgewater*, 23 Pick. [40 Mass.], 170; *Chenery* v. *Waltham*, 8 Cush. [62 Mass.], 327). I doubt if the courts of this State would draw so fine a distinction and in the case of a dwelling house situated upon a boundary line between two election districts I have no doubt that the owner might successfully claim a voting residence in either district. Such a situation, however, is not presented here. In this case the house and the actual home where the Dentons live and carry on the ordinary activities of a home is wholly within the town of Colesville, Broome County. Their residence therefore within the meaning of the Election Law is in that township irrespective of the fact that their real property extends into the town of Coventry, Chenango County. Their intent to remain voters in the town of Coventry does not control. A voting residence does not exist as distinguished from an actual residence. A residence does not depend in any way upon the Election Law but exists entirely independent of the right to vote (*People ex rel. Driscoll* v. *Bender,* 82 Misc. 671). Confusion sometimes arises in the application of this principle because the distinction between a residence and a temporary abode is overlooked. A person's home may be in one place and his actual abode may be temporarily in another place. Thus there has evolved a rule that students and those who, through the exigencies of public service or the need for institutional treatment, neither gain nor lose a residence simply because they are away from home (*Matter of Goodman,* 146 N. Y. 284). This is not a real exception to the principle that a voting residence is the same as an actual residence, but in any event it is not pertinent here.

The question presented should be answered in the negative and judgment to that effect may be entered, without costs.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

The question presented is answered in the negative and judgment to that effect is directed to be entered, without costs.