Theodore Velsor, J.
This matter is before the court upon a remittitur of the Appellate Division, Second Department to take plenary proof with respect to the eligibility and qualifications to vote of the persons who cast and mailed the two military ballots numbered 33-1 and 33-2; and for a determination as to the validity of said ballots based upon such proof. That court held that a prior remittitur of the Court of Appeals did not foreclose this court from exercising its discretion and inquiring into newly discovered evidence concerning the qualifications or eligibility of two voters to cast military ballots in the 1964 general election. The. Court of Appeals (15 N Y 2d 964) dismissed an appeal from the order of the Appellate Division.
A hearing was held by this court on March 26, 1965 at which was taken the testimony of the two military voters and the mother of the husband.
The two voters involved are an Air Force Captain and his wife. In June, 1958 when he entered military service, the captain resided with his parents in a one-family house in Great Neck, New York. After receiving his commission he was assigned to Forbes Air Force Base in Kansas. He was married to a resident of Sacramento, California at Topeka, Kansas in April of 1961 and their marital residence was established at *1009 Topeka, Kansas where a daughter was born to them in September, 1962. The husband registered in the Thirty-third Election District as a military voter on September 8, 1960, and voted accordingly in the 1960 and 1962 general elections. In each instance the address shown on voting records is Great Neck, New York.
In December, 1962 the serviceman’s parents sold their home in Great Neck and purchased and moved to a now home in Bowayton, Connecticut. In January, 1963 the serviceman was transferred from Kansas to his present base in Newfoundland. Upon leaving Kansas he proceeded to the Connecticut home where he, his wife and child lived for a week until he went to Newfoundland. His wife and child lived at the Connecticut address for about two weeks after which they joined him in Newfoundland.
In April, 1964, while on leave in Connecticut, he and his mother visited the local town hall for information on registration and voting with intention and desire to vote in Connecticut. He was advised by a person, whose capacity or authority was not shown, that they could not vote in Connecticut, that he would have to use his previous address of New York and his wife, that of California.
On August 18,1964 the wife applied through the State Division for Servicemen’s Voting for military registration and a military ballot as the spouse of a serviceman. Both husband and wife cast and mailed the military ballots Nos. 33-1 and 33-2 in the 1964 general election.
Subdivision 5 of section 302 of the Election Law defines a military voter of this State as “ A qualified voter of the state of New York who is in the actual military service * * * and by
reason thereof is absent from his or her election district of residence on the day of election, or the spouse * * * of
such voter accompanying or being with him or her, if a qualified voter and a resident of the same election district.”
Section 5 of article II of the Constitution of the State of New York and sections 300, 303 and 305 of the Election Law provide for absentee registration and voting by the spouse of a voter in military service, if a qualified voter and a resident of the same Election District.
Section 1 of article II of the Constitution of the State of Now York and section 150 of the Election Law define a qualified voter as a citizen who is or will be on the day of election 21 years of age, and who has been an inhabitant of the State for one year next preceding the election, and for the last four months a resident of the county, city or village and for the last 30 days a *1010 resident of the Election District in which he or she offers his or her vote.
Under the Election Law domicile and residence are synonymous. A person’s domicile is a matter of intention, and the intention is not where he wishes to vote, but where he intends to make his permanent abode. Such intent must be determined by the conduct of the person and all attendant surrounding circumstances. Intention is a question of fact. The acts and conduct of the person must be consistent with and fortify an avowal of intent (Matter of Woolley, 108 N. Y, S. 2d 165, 169).
The Election Law recognizes a special problem with respect to persons voluntarily or involuntarily in military service and mandates that the fact of absence in military service shall not disqualify an otherwise qualified voter.
It has been urged that the fact of military service in effect freezes the residence status of the absentee which cannot change until he leaves military service. This point was settled in Matter of Seld (Seigfred) (268 App. Div. 235), holding that a person absent in government service may change his voting residence (cf. Matter of Cunningham, 45 Misc. 206; Matter of Lewis, 172 App. Div. 271). In Matter of Isaacson v. Heffernan (189 Misc. 16, 23), Mr. Justice McNally, in treating with this proposition held, “ For the court to hold otherwise than that this respondent had established a residence in the 13th Assembly District in October, 1945, although physical occupation thereof had been delayed by reason of his membership in the armed forces, would be equivalent to a judicial pronouncement that this respondent could not acquire a residence other than that which he had prior to his induction into the armed forces, or from which he cast his last war ballot, and that his selection of residence must await his actual physical separation from the service so that he could actually occupy the same and be physically present therein. Using the same argument it would be equivalent to the court declaring that the respondent was saddled with the residence from which he was inducted into the armed services or cast his last war ballot, irrespective of the present nonexistence thereof, or of his intention to abandon such residence and acquire another in its place”. (Emphasis supplied.)
Regarding the husband, the testimony showed that after his parents had removed to Connecticut, he (1) had his Air Force records changed to indicate his home address was Connecticut, (2) registered his automobile from the Connecticut residence, (3) received personal mail at that address, (4) filed Federal *1011 income tax returns from that address, (5) attempted to register to vote from the Connecticut address and (6) considered the Connecticut residence as his home. He testified he did not consider himself a resident of the State of New York, that he has no intention of returning to or live in the State of New York, and he has “ no more ties with New York.”
In view of the testimony there is no question that this voter unequivocally and voluntarily abandoned all ties with this jurisdiction prior to the date of the 1964 general election, not by reason of the fact of his military service or by his parents’ removal, but by acts, conduct and affirmative declarations, which, taken together, are consistent only with such a change. Under the circumstances of this case there was little more he could have done to evidence his intention.
Consideration of the wife’s qualifications to vote in the Election District involved presents an entirely different question. She was born in Scotts Bluff, Nebraska. In 1960, her home was in California. She married the serviceman in Topeka, Kansas in 1960 and lived there with him until January, 1963, when he was transferred to Newfoundland. When she left Kansas she went to Rowayton, Connecticut and resided there until he located suitable quarters in Newfoundland. She then went to Newfoundland and has resided there with him since that time. For ought that appears she had never even seen Great Neck or Nassau County, New York, prior to the day of the 1964 general election.
The spouse of a military voter may vote in this State as a military voter only where she is also qualified. A wife’s voting qualifications must have an independent existence (Domestic Relations Law, § 61; 1929 Atty. Gen. 285) and the spouse of a military voter must be a qualified voter and a resident of the same Election District (Election Law, § 302, subd. [5]; § 304). For voting purposes a person does not gain a residence by reason of presence or absence in military service (N. Y. State Const., art. II, § 4; Election Law, § 151) or by marriage (Domestic Relations Law, § 61).
The court finds that although absent in military service, the husband considered his parents ’ home as his own and when they moved he still considered their home as his. In effect he moved with them. The court further finds that the husband voluntarily terminated his voting residence in the Thirty-third Election District prior to the 1964 general election, and was not qualified to vote therein. The court also finds that the wife was not an inhabitant of the State for one year, not a resident of the county *1012 for 4 months and not a resident of the Thirty-third Election District for 30 days as required by law, and she was therefore not qualified to vote therein in the 1964 general election.
By reason of the above the court finds that the two ballots 33-1 and 33-2 should not have been cast by reason of ineligibility and disqualification. Accordingly, the Board of Canvassers (Board of Elections) of Nassau County is directed to amend and correct its statement of canvass and/or recanvass to show the-tally for the candidates in question to be as follows:

The Board of Elections of Nassau County is directed to certify the results of the election accordingly.