■ In the Matter of FRANK X. ALTIMARI, Respondent, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents, and JULIUS R. LIPPMAN, Appellant. In the Matter of JULIUS R. LIPPMAN, Appellant, v. COMMISSIONERS OF ELECTIONS of the County of Nassau et al., Respondents, and FRANK X. ALTIMARI, Respondent.— In two consolidated proceedings under the Election Law (§ 330) for the judicial recanvass, review and recount of all the absentee and military ballots cast in the last general election for the office of District Court Judge of the County of Nassau, in the Third Assembly District, Julius R. Lippman, one of the candidates for that office, appeals from a judgment of the Supreme Court, Nassau County, entered April 2, 1965 upon the court's decision after a hearing held pursuant to this court's remittitur dated March 8, 1965, which: (a) voided two absentee ballots; (b) directed the Nassau County Board of Canvassers to correct accordingly its canvass of the votes for that office; and (c) directed the Board of Canvassers to certify Frank X. Altimari as the duly elected candidate for said office. Judgment affirmed, without costs. An absentee soldier and his wife may vote by absentee ballot provided each of them is a qualified voter and a resident of the election district in which each casts his or her vote (N. Y. Const., art. II, § 5; Election Law, § 300; § 302, subd. 5; §§ 303, 305). For voting purposes, residence is synonymous with domicile; domicile is the voter's permanent home; and his permanent home " is not the place where he intends to vote but where he intends to live as a permanent abode " (*Matter of Seld* [*Siegfried*], 268 App. Div. 235, 237; *Matter of Isaacson* v. *Heffernan,* 189 Misc. 16). Section 4 of article II of the State Constitution provides that: "For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States". Despite this provision, an absent soldier and his wife may change their voting residences by intentionally changing their domicile; and the fact that they are absent in military service does not conclusively freeze their voting residence at their last preservice domicile until their military service has ended (*Matter of Seld* [*Siegfried*], 268 App. Div. 235, *supra*; *Matter of Isaacson* v. *Heffernan,* 189 Misc. 16, *supra*; see, also, *Matter of Barry,* 164 N. Y. 18; *Matter of McCormack,* 86 App. Div. 362; *Matter of Lewis,* 172 App. Div. 271). On this record, it is clear that Air Force Captain Stetson (who cast one of the challenged ballots) intentionally and unequivocally changed his domicile from Great Neck to Rowayton, Connecticut when his parents sold their Great Neck home in December, 1962 and moved to Rowayton. Thereafter, he registered his car in Connecticut, listing his parents' home

as his residence; he caused his Air Force records to be changed to show that his permanent mailing address had become his parents' Connecticut address; his mother received personal mail for him in Connecticut; he filed his tax returns from his parents' Connecticut address; he wanted to vote in Connecticut and tried to register there; none of his belongings or property were left behind in Great Neck when his parents moved to Connecticut; he had no ties left in New York; he does not consider himself a New York resident; and he has no intention of returning to or living in New York. Plainly, Captain Stetson considers his parents' home his permanent domicile; and when they moved to Connecticut in December, 1962, he moved his domicile with theirs. Hence, in 1964, he had no voting residence in Great Neck and consequently he had no right to vote in Nassau County in that year. The captain's wife, Shari Stetson (who cast the other challenged ballot), similarly had no right in 1964 to vote in Nassau County. This is so whether she took her husband's domicile when she married him (see *Perkins* v. *Guaranty Trust Co.*, 274 N. Y. 250, 261–262), or whether, for the purpose of voting, she has an independent domicile. (See Domestic Relations Law, § 61, which provides that " The domicile of a married woman shall be established by the same facts and rules of law as that of any other person for the purpose of voting and office-holding.") If her domicile is that of her husband, she changed it from Great Neck to Rowayton, Connecticut when he did. If she has an independent domicile, it was never in Great Neck, since (a) she was born in Nebraska; (b) she thereafter lived in California, Kansas, Newfoundland, and briefly in Connecticut; and (c) she never at any time lived in New York State. The proof shows beyond all doubt, as found by the Special Term, that in 1962 Captain Stetson became a Connecticut resident together with his parents, and that in 1964 neither the captain nor his wife was a resident of this State. Under the circumstances, it is unthinkable that the absentee ballots attempted to be cast by these two nonresidents should be counted and permitted to determine the successful candidate for a local public office in this State. Beldock, P. J., Brennan, Rabin and Benjamin, JJ., concur; Ughetta, J., concurs in the result, with the following memorandum: Although I adhere to the views expressed in my dissenting opinion on the prior appeal in these proceedings (23 A D 2d 672, March 8, 1965), I feel that I am bound by this court's previous decision on such prior appeal, in which the majority of the court held that it was proper for the Special Term to take further proof as to the eligibility of these two absentee voters to vote in Nassau County. (For prior related decisions in these proceedings, see 15 N Y 2d 686, modfg. 22 A D 2d 933; remittitur amd. 15 N Y 2d 847; decision after remission, 23 A D 2d 672, March 8, 1965.)