Richard J. Cardamons, J.
This is a proceeding pursuant to section 331 of the Election Law brought by the petitioner, *544 Howard A. Kashman, against respondents Commissioners of the Board of Elections to compel the respondents to accept the registration of the petitioner as a duly qualified voter in Onondaga County, New York.
The petitioner appeared before the respondents on February 20, 1967 to attempt to register and vote in Onondaga County and was refused the right to complete such registration by the respondents. Subsequently, by letter dated March 6, 1967, the respondents once again refused petitioner the right to vote.
In brief, the facts are as.follows: petitioner and his wife moved to Syracuse, New York on June 24, 1966, having left their previous, residence in Arizona on May 29, 1966 when petitioner commenced active duty in the United States Air Force. The petitioner and his wife presently reside in a housing area located at Hancock Field in the Towns of Cicero and De Witt in Onondaga County. The grounds of the respondents’ denial of petitioner’s right to register on March 6, 1967 were based on the fact that petitioner is a resident of a military reservation.
Section 1 of article II of the New York Constitution as amended, effective January 1, 1967, sets forth general qualifications for voters and provides in part: ‘ ‘ Every citizen shall be entitled to vote at every election for all officers elected by the people and upon all questions submitted to the vote of the people provided that such citizen is twenty-one years of age or over and shall have been a resident of this State, and of the county, city, or village for three months next preceding an election.” Section 4 of article II of the New York Constitution provides that: ‘ ‘ For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States”. Section 5 of article II provides: “Laws shall be made for ascertaining, by proper proofs, the citizens * * * entitled to the right of suffrage hereby established, and for the registration of voters ’ ’. Section 151 of the Election Law provides that, “no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States * * * Any person applying for registration who claims to belong to any class of persons mentioned in this section shall file with the board taking his registration a written statement showing where he actually resides and where he claims to be legally domiciled, his business or occupation, his business address, and to which class he claims to belong”.
*545 The enactment of section 1 of article II of the New York Constitution had as its purpose the removal of disqualifications which had formerly attached to the person of the voter. Its purpose was to prescribe the general qualifications voters were required to possess in order to authorize them to vote. (Matter of Blaikie v. Power, 13 N Y 2d 134, 138-141 [1963].) The amendment of section 1 of article II greatly broadened and liberalized the general qualifications voters now need to possess in order to vote in this State. Matter of Seld (Seigfred) (268 App. Div. 235 [4th Dept., 1944]) involved a petitioner who was serving as an officer in the naval service in the United States at Sampson Naval Base, Seneca Falls, New York. The petitioner presented himself for registration. The court held, in interpreting section 4 of article II of the New York Constitution that “ there is nothing to prevent one in the employ of the United States from gaining a voting residence in the place of his employment” (p. 236). “the crucial question is not the place where [petitioner] intends to vote but where he intends to live as a permanent abode ” (p. 237). In that case, the petitioner and his wife were a young married couple, graduates of the New York State Teacher’s College, the husband was a Petty Officer in the United States Navy. The couple lived off the Naval Base in a rented apartment in Seneca Falls. The wife was a schoolteacher in the Seneca Falls High School. They maintained a mailing address, bank account and had registered an automobile in Seneca Falls. Although they could have lived at the Naval Base they elected to live in town. Under those circumstances the respondent Inspectors of Election were directed to register the petitioner and his wife. The court (p. 237), citing People v. Cady (143 N. Y. 100 [1894]) adopted this rule “ ‘ The domicile or home requisite as a qualification for voting purposes means a residence which the voter voluntarily chooses and has a right to take as such, and which he is at liberty to leave ’ ”. A residence as contemplated by the statute (Election Law, § 151) is substantially equivalent to domicile (Matter of Davy [Denton], 281 App. Div. 137, 138 [3d Dept., 1952]). In Matter of Cunningham (45 Misc. 206 [Clinton County, 1904]) it was held that it is not the petitioner’s view of the facts that govern, it is the facts themselves that govern; mere intention is not alone sufficient; it must exist but must concur with the resultant acts. In that case, as in Seld (supra) petitioner who wras a soldier who resided outside of the military reservation in the City of Plattsburgh, New York, was accorded registration. Both of the cited eases involved members of the Armed Forces *546 who were not living on the military bases and registration was directed in each case.
In the present case the petitioner resides on Hancock Field in a housing project which is part of a military installation. The Federal Government today seldom has full, complete or exclusive jurisdiction of such lands and its occupants. Clearly, it does not here. The correspondence attached to the moving papers reveals that the State of New York has not ceded any jurisdiction to the United States with respect to any property in either the Town of Cicero or the Town of De Witt. In any event, residency on a military base itself should be a neutral fact in determining whether a person has established residency for voting purposes in this State. Some individuals have maintained a residence in the State from which they come and continue voting on an absentee basis while others intend to, and do, as a matter of fact, establish their residence in the State and community where the military reservation is situated. The mere fact of residence on the base as opposed to residence off the base can be accounted for by any number of other circumstances and should not be a conclusively determining factor in deciding whether the petitioner has or has not established residency in Onondaga County for the purposes of voting there.
The facts in this case reveal that the petitioner was born in New York State on November 2, 1941, and lived here until the year 1962 (21 years). The petitioner’s father is a practicing attorney in the City of Brooklyn, New York. Petitioner is an attorney, having been employed by the County Attorney of Puma County, Arizona. The petitioner states in his affidavit attached to the moving papers that he wishes to practice law in this State and that when he left the State of Arizona he withdrew his accrued investment in the State of Arizona retirement system. When he came to New York State he resigned his position rather than taking a leave of absence on military grounds from the County Attorney’s office in Arizona and requested assignment by the Air Force to New York State so that he could resume his residence here. His automobile registration and driver’s license are both issued by New York State. He and his wife are filing 1966 joint income tax returns as residents of the State of New York and nonresident returns for the State of Arizona. The petitioner’s wife is a teacher in the Syracuse Elementary School System. All of their personal belongings and furniture formerly in Tucson and in New York City have been moved to Syracuse, New York. Petitioner has opened a checking account *547 in the Lincoln National Bank in Syracuse and has leased a safe-deposit box there for the storage of his valuables. Clearly, the petitioner should not be saddled with a residence from which he was inducted into the Armed Services, irrespective of his intention to abandon such residence and acquire another in its place. (Matter of Isaacson v. Heffernan, 189 Misc. 16, 23 [Supreme Ct. Bronx County 1946].)
Under all of the circumstances it appears to this court that the facts in the record sufficiently establish not only intention on the part of the petitioner to establish a domicile or residence in the County of Onondaga for voting purposes but also sufficient facts, as a matter of law, establishing such residence. (Cf. Matter of Altimari v. Meisser, 16 N Y 2d 629, 630 [1965].)