Appeal from a judgment of the County Court of Delaware County, entered October 25, 1974, which, in a proceeding pursuant to section 331 of the Election Law, granted petitioners’ application for an order directing appellant to restore the names of petitioners to the register of voters of the Second Election District, Town of Kortright. The petitioners own a residence in the Town of Kortright, Delaware County, and registered to vote in Delaware County in 1970 and voted there in the years 1970, 1971 and 1972. In 1973 the appellant struck the petitioners’ names from the roll of registered voters; however, the trial court in an ex parte proceeding ordered that they be permitted to vote in the general election of November 6, 1973. The petitioners commenced this proceeding by an order to show cause granted on October 30, 1974 to compel the appellant to restore their names to the register of voters. The sole issue raised by the petition was whether or not the petitioners were domiciled at the farm as of the time of the petition so as to be entitled to continue their registration in Delaware County pursuant to article 7 of the Election Law. (See Matter of Bressler v Holt-Harris, 30 NY2d 529; Matter of Davy [Denton], 281 App Div 137.) The appellant has not shown that the petitioners’ status has changed factually since they first registered in 1970. The presumption which attaches to the appellant’s decision pursuant to subdivision (c) of section 151 of the Election Law would in this case not relate to the striking of petitioners from the rolls as there has been no application made to the board in regard thereto. The record establishes that at least as of 1970 the petitioners were domiciled at the farm in Delaware County. This is established from the fact that they registered to vote there, that they so voted without question in 1971 and 1972, and that there is a presumption attaching to such registration pursuant to subdivision (c) of section 151 of the Election Law. The testimony establishes that the petitioners because of the husband’s work for the State of New York and his desire to educate his *694 children in schools unavailable near the farm reside at a house they own in Ulster County during the school year. The appellant has not established a change in domicile by the petitioners from Delaware County to Ulster County. The error by the trial court in regard to a judicial notice of certain facts outside the record is not prejudicial in the context of this case. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.