23362

Roger HILL, Petitioner v. SOUTH CAROLINA ELECTION COMMISSION, The South Carolina Board of State Canvassers, The Calhoun County Election Commission, The Calhoun County Board of Canvassers and George Taylor, Respondents.

(403 S.E. (2d) 309)

Supreme Court

*Isadore E. Lourie* of *Lourie, Curlee, Barrett & Ragsdale* and *Belton T. Zeigler of Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for petitioner.*

*Chief Deputy Atty. Gen. Edwin E. Evans, Deputy Atty. Gen. James Patrick Hudson,* and *Sr. Asst. Atty. Gen. Treva G. Ashworth,* Columbia, *for respondents South Carolina Election Com'n* and *South Carolina Bd. of State Canvassers.*

*S. Jahue Moore,* West Columbia, *for respondent George Taylor.*

Submitted Feb. 29, 1991; Decided March 7, 1991.

Rehearing Denied April 1, 1991.

*Per Curiam:*

This matter is before the Court by way of a petition for a writ of certiorari seeking review of an order of respondent South Carolina Board of State Canvassers (the State Board) which reversed an order of respondent Calhoun County Board of Canvassers (the County Board), and ordered a new election be held for the District 3 seat of Calhoun County Council. We grant the writ, dispense with further briefing and reverse the order of the State Board.

Petitioner (Hill) won the District 3 seat by thirty-seven (37) votes. Respondent George Taylor (Taylor) filed a protest with the County Board which, after a hearing, upheld the election. Taylor thereafter filed a notice of protest and protest with the State Board. The crux of his protest was that in two (2) precincts there were more ballots cast for the District 3 Seat than there were District 3 voters indicated on the voter registration lists for those precincts. Hill argues that, because no challenge was raised to these "over-votes" at the time the ballots were cast, Taylor's protest was barred. We agree.

Taylor concedes no challenges were made to the ballots at the time they were cast. Rather, he contends that, under S.C. Code Ann. § 7-13-810 (Supp. 1990), his protest was timely be-

cause it was based on evidence which was not available until after the vote was cast. In our opinion, the facts underlying Taylor's protest do not constitute evidence which would not be available until after the ballots were cast. The discrepancies between the district where a voter actually resided and the district designation on the voter registration lists could have been discovered prior to the election. Further, we see no reason why a challenge could not have been made at the time a voter was given a ballot for a different district than the one which appeared on the registration list.

The reason for requiring a contemporaneous challenge to a ballot is made clear by the conclusion of the State Board that it could not assume that the forty persons identified as being registered to vote in the wrong district were all actually given correct ballots at the polls. Had a challenge been raised by Taylor at the time a ballot was dispensed, there would be no need to make assumptions of any kind, since the challenged ballot would have been segregated and a record made of the determination of the challenge.

We share the concern expressed by the State Board regarding the misidentification of voters on the registration lists. However, it was error for the State Board to order a new election where no challenge was made to the misidentified voters' ballots until after the ballots were cast and counted. Accordingly, the order of the State Board is

Reversed.