In the Matter of STEPHEN DiMAGGIO, Respondent, v J. K. CICOTTI, as Candidate for the Office of First Ward City Councilor, Appellant, and ANGELA LONGO et al., Constituting the Oneida County Board of Elections, et al., Respondents. (Appeal No. 1.) Memorandum: The Oneida County Board of Elections failed to follow statutory procedure when it canceled the registration of a voter who had successfully applied for a military ballot (Election Law § 10-109 [3], [6]). Further, respondent's arguments that the voter was not qualified to vote in the First Ward of Rome are without merit. The voter, a technical sergeant in the Air Force, lived in the First Ward for seven years while stationed at Griffiss Air Force Base. Although he is now stationed in Texas, he files a New York State Tax return and he unequivocally states his intention to return to

Rome when he retires from the military. He is thus qualified to vote as a resident of Rome *(Matter of Altimari v Meisser,* 16 NY2d 629, *revg* 23 AD2d 865, *affg* 45 Misc 2d 1008). Thus, Supreme Court properly ordered the ballot canvassed. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.— Election Law.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ. (Order entered Jan. 15, 1992.)