In the Matter of EDWARD R. SAUER, Respondent, v SPRINGBROOK FIRE DISTRICT OF TOWN OF ELMA et al., Appellants. [726 NYS2d 511] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner lost the election for the position of fire commissioner of respondent Springbrook Fire District in the Town of Elma on

December 12, 2000 by one vote. He commenced this proceeding seeking to set aside the election on the ground that one of the votes was cast by a person who allegedly resides outside of the fire district. Supreme Court erred in granting the petition.

The fire district election is governed by Town Law § 175 (2), which provides that "[e]very elector of the town who shall be a registered voter and who shall have resided in the district for the period of thirty days next preceding any election of fire district officers shall be qualified to vote for such officers." That statute is similar to Election Law § 5-102 (1), which provides in relevant part that a voter must be "a resident of this state and of the county, city or village for a minimum of thirty days next preceding such election." The terms "residence" and "reside" are not defined in the Town Law. Pursuant to Election Law § 1-104 (22), however, "[t]he term 'residence' shall be deemed to mean that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return." In applying that definition here (*see,* Election Law § 1-102), we conclude that the voter at issue is a resident of the fire district. It is undisputed that he owns a home on Seneca Street, located within the fire district, and he rents that home to a tenant. He testified that he sleeps and has his meals at a home owned by a friend outside of the fire district but intends to return to the Seneca Street home; he further testified that he had been advised to reside with someone for medical reasons. In addition, the record establishes that he keeps substantial amounts of personal property at Seneca Street, and he maintains an oral month-to-month lease with his tenant. We conclude that the voter at issue is deemed to "reside" within the fire district (*see,* Election Law § 1-104 [22]; *Matter of Davy,* 281 App Div 137; *Matter of Seld,* 268 App Div 235; *Matter of Rooney,* 172 App Div 274, 278-279), and thus the petition must be dismissed. (Appeal from Order of Supreme Court, Erie County, Rogowski, J.—Town Law.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.