593 S.E.2d 606

**Steven DUKES, Appellant,**

v.

**Thomas E. REDMOND and Florence County Board of Canvassers, Respondents.**

**No. 25787.**

Supreme Court of South Carolina.

Heard Feb. 3, 2004.

Decided March 1, 2004.

---

■■■■■■■■■

Samuel W. Howell, IV, of Howell & Linkous, LLC, of Charleston, for appellant.

Henry M. Anderson, Jr., of Anderson Law Firm, of Florence, for respondent Thomas E. Redmond.

Charles Blake, of Florence, for respondent Florence County Board of Canvassers.

Mr. Russell W. Barrett, of Florence, pro se, for respondent Florence County Election Commission.

PER CURIAM:

This is an election protest challenging the 2002 mayoral election for the City of Johnsonville. Appellant Dukes lost the election to respondent Redmond by a three-vote margin. Dukes protested, claiming nine voters were non-residents and therefore ineligible to vote in the municipal election under S.C.Code Ann. § 7–5–610 (Supp.2003).[1] The Florence County Board of Canvassers (Board)[2] found Dukes's protest was procedurally barred and, in any event, only one voter had voted illegally[3] which did not affect the result of the election. Dukes's protest was denied. We reverse.

## ISSUES

1. Is Dukes's protest procedurally barred?

---

1. This section includes the requirement that an eligible voter "has resided within the corporate limits of any incorporated municipality in this State for thirty days previous to any municipal election."

2. The City of Johnsonville transferred authority over its municipal elections to the county election commission pursuant to S.C.Code Ann. § 5–15–145 (Supp.2003).

3. Jared Decamps testified at the hearing that he voted in the mayoral election although he had moved outside the city two or three years before the election.

2. Were two voters whose residence is outside the city limits ineligible to vote in the mayoral election?

## DISCUSSION

### 1. Procedural bar

■ The Board found Dukes's protest was not timely because he should have discovered before the election that the contested voters were not properly included on the voter registration list. Dukes contends this was error because his protest was based on after-discovered evidence pursuant to S.C.Code Ann. § 7–13–810 (Supp.2003). We agree.

Section 7–13–810 provides in pertinent part:

A candidate may protest an election in which he is a candidate pursuant to 7–17–30 when the protest is based in whole or in part on evidence discovered after the election. *This evidence may include, but is not limited to, after-discovered evidence of voters who have voted in a precinct or for a district office other than the one in which they are entitled by law to vote.*[4]

(emphasis added). The evidence presented by Dukes that voters included on the voter registration list were not in fact city residents qualifies as after-discovered evidence under this section. Dukes's protest therefore is not procedurally barred.

### 2. Ineligible voters

■ Ricky and Danette Foshee voted in the mayoral election and testified at the protest hearing. They are husband and wife and reside together. The Foshees own two contiguous lots, one in the city on which they pay city taxes, and one outside the city on which they do not pay city taxes. Their actual residence is located on the back lot which is outside the city and comprises about four-fifths of the total property. The front lot, which is in the city, borders on the road and is about

---

4. This section was amended in 1996 after our decision in *Hill v. South Carolina Election Comm'n*, 304 S.C. 150, 403 S.E.2d 309 (1991); *see also Greene v. South Carolina Election Comm'n*, 314 S.C. 449, 445 S.E.2d 451 (1994). In *Hill*, we held that discrepancies between the district where a voter actually resided and the voter's district designation on the voter registration list could have been discovered prior to the election and did not constitute after-discovered evidence.

fifty feet deep. The Foshees' driveway extends from the road to the residence on the back lot. The Board found that because the Foshees' contiguous lots had a single residential use, the Foshees were city residents. Dukes contends this was error.

The issue of a voter's residence when his actual dwelling is on the part of his property outside the voting district is a novel one. We agree with the decision of the New York court in *In re: Davy*, 281 A.D. 137, 120 N.Y.S.2d 450 (N.Y.App.Div.1952), that a person's residence is the part of his property on which the dwelling is actually located. Because the Foshees' actual residence is outside the city limits, they were not eligible to vote in the mayoral election.

This Court will employ every reasonable presumption to sustain a contested election; we will not set aside an election due to mere irregularities or illegalities unless the result is changed or rendered doubtful. *George v. Municipal Election Comm'n of City of Charleston*, 335 S.C. 182, 516 S.E.2d 206 (1999). Because three votes, including the Foshees' two votes, were cast illegally, and the margin of victory was only three votes, the result of this election is rendered doubtful. The denial of Dukes's protest is therefore

**REVERSED.**

TOAL, C.J., MOORE, BURNETT, PLEICONES, JJ., and Acting Justice ALEXANDER S. MACAULAY.